### NOTICE OF JUDICIAL SALE OF LANDS.

Common Pleas Court of Hamilton County.

WILLIAM HOPKINS, TREASURER, v. HAMER BRADBURY ET AL.

Decided, May 12, 1916.

*Judicial Sales—Construction of Section* 11678, *Relating to Notice of Sale—Location of Land With More Particularity than Required by the Statute Not an Irregularity.*

The purpose of Section 11678, providing that advertisements for the sale of lands shall contain the street number of the building, or if no such number exists the name of the street or road upon which the property is situated, etc., is to definitely inform the public of the location of said land, and it can not be considered

an irregularity if the description used in the advertisement, instead of following the strict letter of the statute, locates the property with more particularity than the statute requires.

*Louis H. Capelle,* Assistant Prosecuting Attorney, for plaintiff.
*Anthony B. Dunlap,* contra.

GEOGHEGAN, J.

This matter was submitted on a motion for a rule filed by the sheriff of Hamilton county against J. B. Meifeld, a purchaser at a sale made under proceedings to sell property for the tax lien. The purchaser refused to take the property and resists the granting of the rule because of an alleged non-conformity of the advertisement under which the sale was made with the provisions of Section 11678, General Code.

That section is as follows:

"All notices and advertisements for the sale of lands and tenements located in a city or village in this state, made by virtue of proceedings in a court of record therein, in addition to a description of such lands and tenements, shall contain the street number of the building or buildings erected on the lands, or the street number of the lots offered for sale. If no such number exists, then the notice or advertisement must contain the name of the street or road upon which such lands and tenements are located, together with the names of the streets or roads immediately north and south or east and west of such lands and tenements, that cross or intersect the street or road upon which they are located."

The advertisement, in so far as it applies to the lot of land purchased by Meifeld at the sale, is as follows:

"Situate in Sec. 14, Twp. 4, entire range 1, Hamilton county, Ohio, and known and designated as lot 55 in Terra Alta Subd. by J. W. Sibley, a plat of which is recorded in plat book ·6, page 126, in the recorder's office of Hamilton county, Ohio, said lot No. 55 being 150 feet in front of the west side of Cherry street and extends back westwardly between parallel lines 175 feet and lies 780 feet, more or less, south of Belleview avenue."

It is contended that the advertisement above quoted does not contain the names of the streets or roads immediately north and

south of the property advertised that cross or intersect the street or road upon which it is located, and, therefore, the advertisement not being in conformity with the provisions of Section 11678, General Code, the sale is not valid.

I do not think that under the circumstances the failure to give the names of the intersecting streets north and south is such an irregularity as will invalidate the sale. The object of the provisions of the section of the code referred to is to definitely apprise the public of the location of the lot. This is accomplished by the advertisement in this case. It is far more definite and certain to describe the lot as lying 780 feet south of Belleview avenue than it is to describe the lot as simply lying between two streets.

It is a matter of common knowledge that there are many instances where it would be impossible to comply with the strict letter of the statute, such as in the case of blind streets, and a sale should not be held to be invalid where it would be impossible for the sheriff to advertise in conformity with the statute by reason of the peculiar location of the lot. As the statute is made for the protection of the purchaser, as well as to apprise the world of the proceedings to foreclose the tax lien, certainly it can not be considered an irregularity if the lot be described more particularly than the statute requires, although, perhaps, not in accordance with the strict letter of the statute.

I do not think that this finding is in conflict with the finding the court of appeals of this county in the case of *Griefenkamp* v. *Cresap*, 26 C.C. (N.S.), ——. In that case there was an omission to give the house number as well as the intersecting streets on either side of the property in question. The property, in so far as can be determined from the opinion, was simply described as the east twenty-five feet of lot No. 80, and the court there rightfully held that the failure to comply with the statute under discussion here was such an irregularity as would invalidate the sale. It is apparent that there is a substantial difference between the facts in the case at bar and the case decided by the court of appeals.

The motion for the rule will be granted.